JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-09963-RGK-GJS | Date | February 12, 2020 |
|---|---|---|---|
| Title | ***BRIAN WHITAKER V. TIMNA KATZ, ET AL.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants, Shani Bornstein, Shale A. Horowitz, and Timna Horowitz Katz's Motion to Dismiss Case (DE 18)

### I. INTRODUCTION

On November 21, 2019, Brian Whitaker ("Plaintiff") filed a complaint against Timna Horowitz Katz, Shale A. Horowitz, Shani Bornstein[1] (collectively, "Trustees"), and The Belmont – A Racquetball and Athletic Club, Inc. ("The Belmont") (collectively, "Defendants"). The Complaint alleged the following claims: (1) violation of the Americans with Disabilities Act ("ADA"); and (2) violation of the California Unruh Act ("Unruh").

On December 19, 2019, The Belmont filed a motion to dismiss, asserting failure to state a claim under Federal Rules of Civil Procedure ("Rule") 12(b)(6), and challenging Plaintiff's standing to sue. Further, The Belmont asserted that the Court should decline exercising supplemental jurisdiction over the California Unruh Act claim under 28 U.S.C. § 1367(c)(4).

On January 22, 2020, the Court granted The Belmont's motion and dismissed Plaintiff's Unruh Act claim as to all Defendants for lack of subject matter jurisdiction.

Currently, before the Court is the Trustees' Motion to Dismiss. For the following reasons, the Court **GRANTS** the Trustees' Motion.

### II. FACTUAL BACKGROUND

Plaintiff, a quadriplegic who uses a wheelchair for mobility, visited The Belmont in October 2019 to "avail himself of its goods or services, motivated in part to determine if the defendants comply

---

[1] The Complaint was brought against these individuals in both their individual capacities and in their representative capacities as trustees of The Irrevocable Trust of David Horowitz and Arlene Horowitz dated December 1, 1993.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-09963-RGK-GJS | Date | February 12, 2020 |
|---|---|---|---|
| Title | *BRIAN WHITAKER V. TIMNA KATZ, ET AL.* | | |

with the disability access laws." (Compl. ¶ 10, ECF No. 1.) Plaintiff alleges that, on the date of his visit, Defendants failed to provide accessible sales counters, causing a barrier affecting his disability and creating difficulty and discomfort for Plaintiff. Plaintiff alleges he will return but is currently deterred from doing so due to the existing barrier.

### III.  JUDICIAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true. *Barker v. Riverside Cnty Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev.*, N.A., 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *See id.* A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### IV.  DISCUSSION

The Trustees challenge both Plaintiff's Unruh and ADA claims. The Court addresses each claim in turn.

#### A.  The Court Declined Supplemental Jurisdiction Over the Unruh Act Claim

Court records show that on January 21, 2020, the Court ordered the dismissal of Plaintiff's Unruh claim as to all Defendants for lack of subject matter jurisdiction. Therefore, as an initial matter, the only claim at issue is Plaintiff's ADA claim.

#### B.  Remaining ADA Claim

The Trustees argue (1) that the Complaint fails the standards of Rule 8(a), which requires sufficient specificity to give fair notice of what the claim is and the grounds upon which it rests, (2) Plaintiff's failure to identify which claim is directed towards which Defendant and to provide a basis for why the matter is filed in Federal rather than State court renders the complaint deficient, and (3) the Complaint lacks sufficient facts under a cognizable legal theory, and rather makes conclusory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-09963-RGK-GJS | Date | February 12, 2020 |
| Title | *BRIAN WHITAKER V. TIMNA KATZ, ET AL.* | | |

allegations subjecting it to dismissal. The Trustees also claim the sales counter is, in fact, ADA accessible.

Based on a review of the Complaint, The Trustees' arguments, and applicable law, it appears that at least some of the arguments above have merit. Plaintiff provides insufficient factual allegations to give the Trustees adequate notice of the circumstances giving rise to Plaintiff's claim. For example, Plaintiff fails to allege, among other things, which day he visited or why the sales counters were inaccessible. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion.[2] Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting the Trustees' Motion.

**V.      CONCLUSION**

In light of the foregoing, the Court **GRANTS** the Trustees' Motion.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] On January 17, 2020 Plaintiff filed a late opposition to The Belmont's motion to dismiss. The Court denied Plaintiff's request for leave to file a late opposition. It appears that Plaintiff has not filed an opposition to the Trustees' motion to dismiss, which was due January 20, 2020.