CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Dennis Price, SBN 279082
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | Case No. 2:19-cv-09963-RGK-GJS |
| Plaintiff, | **Objection to Application to Tax Costs** |
| v. | |
| **Timna Horowitz Katz,** in individual and representative capacity as trustee of The Irrevocable Trust of David Horowitz and Arlene Horowitz dated December 1, 1993; **Shale A. Horowitz,** in individual and representative capacity as trustee of The Irrevocable Trust of David Horowitz and Arlene Horowitz dated December 1, 1993; **Shani Bornstein, Trustee of The Irrevocable Trust** in individual and representative capacity as trustee of The Irrevocable Trust of David Horowitz and Arlene Horowitz dated December 1, 1993; **The Belmont - A Racquetball & Athletic Club, Inc**., California Corporation; and Does 1-10, | **Honorable Judge Gary Klausner** |
| Defendants. | |

## I. Preliminary Statement

Plaintiff objects to the costs application filed by defense on four bases: 1) The costs bill is untimely, 2) the costs bill is unverified; 3) the costs sought are not recoverable costs; 4) Defendant is not a prevailing party for the purpose of costs as no *Christiansburg* finding has issued that would allow for cost shifting in a civil rights case;

## II. Objection: Untimely

On February 12, 2020, the court dismissed the case. Defendants waited until April 21, 2020 to file their bill of costs. Central District Local Rule 52-2.1 requires that an application to tax costs must be filed within 14 days. That rule provides explicitly that a failure to file within the time provided is grounds for denial.

## III. Objection: Failure to Verify Costs

Under 28 U.S.C. § 1924, "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Here, the defense has filed no declaration or affidavit verifying or attesting to the costs.

## IV. Objection: Costs Sought are not Recoverable

The costs sought by the defense are either not supported or not recoverable in every instance. Plaintiff will discuss each.

### A.    Fees and disbursements for printing or making copies

The defense seeks $995 under the category of fees and disbursements for printing and an additional $165 for making copies. The cost of printing an copying documents can be recoverable under Local Rule 54-3.10 but only in certain circumstances. For example, "Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable." Local Rule 54-3.10.

Here, the defense never explains what documents were printed or copied and for what purpose. This is fatal. "Any party seeking taxation of costs under this local rule must provide a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed." Local Rule 54-3.10. The defense has filed to do this.

### B.    Compensation of court-appointed experts

The defense seeks $1,115 under the category of court-appointed experts. But no experts were appointed in this case.

## V.    While Plaintiff did not Prevail, his Action was not Unreasonable or without Foundation

Cost shifting to prevailing Defendants in civil rights cases should only occur in rare cases. Such cases are those where the action *as filed* was frivolous, unreasonable or without foundation.[1] In *Brown,* the Ninth Circuit explained that in ADA cases, fees and costs use the same test.[2] The Supreme Court further supported this positon in *Fox v. Vice* stating that a

---

[1] *Christiansburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412, 421.
[2] *Brown v. Lucky Stores, Inc.* (9th Cir. 2001) 246 F.3d 1182, 1190.

3

Objection: Bill of Costs          Case No. 2:19-cv-09963-RGK-GJS

district court should shift costs to the plaintiff "only for costs that the defendant would not have incurred but for the frivolous claims."[3]

Here, Plaintiff filed a case properly venued in Federal court containing his state causes of action. The court dismissed the state claims under its *discretionary* powers. The court's findings on the pleading causes of action did not render the claims meritless as filed. The plaintiff, in assessing the state of the case, and the claims of mootness by the Defendant, opted to not file an amended complaint, instead seeking the option of pursuing the remainder of his claims in state court. This cannot be determined to be a frivolous action, but one made responding to the decisions of the court. *Christiansburg* warns against applying post-hoc analysis in determining that a case *as filed* warrants fee shifting if a plaintiff does not prevail.[4] No such finding occurred here and thus costs should not be taxed.

## VI.  Conclusion

While Rule 54(d)(1) allows costs shifting, binding authority has limited those provisions in ADA cases to only those cases that meet the high bar of "frivolous, unreasonable or without foundation." Additionally, Defendants procedure failures render the request defective.

Dated: May 4, 2020               CENTER FOR DISABILITY ACCESS

                                 By:__/s/ Dennis Price_____
                                 Dennis Price
                                 Attorney for Plaintiff

---

[3] *Fox v. Vice* (2011) 563 U.S. 826, 829.
[4] *Christiansburg,* 434 U.S. at 421.